Davis *v*. Meisner.

No. 14,773.

## DAVIS *v*. MEISNER.

PROMISSORY NOTE.—*Consideration.*—*Execution and Payment of Bail-Bond.*—
The defendant's son, on a plea of guilty to petit larceny, was fined in a
certain sum and committed to jail in default of payment. The defend-
ant and his son paid a part of the judgment, and to secure a stay of ex-
ecution on the remainder executed a replevin bond. The plaintiff, at
the request of the defendant, also signed the bond, and the defendant
executed his note as collateral security. The son was not in jail when
the bond was signed, but had been released two days before. After the
expiration of the stay the plaintiff paid the judgment and instituted an
action on the note.

*Held*, that the fact that the son had been released from jail when the
plaintiff signed the bond was no defence to the action, and that exe-
cution of the bond and the payment constituted a good consideration
for the note.

From the Harrison Circuit Court.

*W. N. Tracewell* and *R. J. Tracewell*, for appellant.

*W. Cook* and *W. Ridley*, for appellee.

McBRIDE, J.—The controversy in this cause grows out
of the following facts:

Appellant's son was indicted in the State of Nebraska for
grand larceny. On being arraigned he entered a plea of
guilty of "petit larceny." The plea was accepted by the
court, and he was thereupon adjudged guilty and fined in
the sum of $50 and costs. The fine and costs together
amounted to $224.76, and the son was committed to jail in
default of payment. Appellant, who resides, and then re-
sided, in this State, had gone to Nebraska to assist his son,
but neither he nor the son had money enough to pay the
amount of the fine and costs, and after the payment of all
the money they had there remained a balance of $174.76 un-
paid. Under the laws of Nebraska this could be stayed five
months by entering replevin bail. Appellant and his son
together executed a replevin bond for this amount, but the
clerk of the court, whose duty it was to take and approve

the bond, refused to approve it unless some responsible citizen of Sheridan county, Nebraska, also signed it. The bond was executed by appellant and his son on the 27th day of May, 1887, and was in the sum of $174.76. On the 28th day of May, 1887, appellant solicited the appellee, who was a responsible resident of Sheridan county, Nebraska, to sign said bond with him as an additional surety, and he did so on condition that appellant execute to him a note for $174, due five months after date, as collateral security, which was done. Appellant and his son then returned to Indiana. The son was not in jail when the appellee signed the bond, but had been released two days before.

The only consideration for the note was as above stated. Neither appellant nor his son paid any thing more of said fine and costs, and after the expiration of the stay appellee paid it, and brought this suit to recover on the note.

The contention of appellant is, that as his son had been released from jail, and was not in confinement when appellee signed the bond, there was no consideration for appellee's undertaking; there was no legal obligation resting upon appellee to pay the balance of fine and costs due, and that the payment of the same by him was a mere voluntary payment, for which he can not recover. This contention rests upon the assumption that the sole consideration of the bond was to secure the release of appellant's son from jail. In this assumption the appellant is altogether wrong. Imprisonment was not adjudged as a part of the punishment, and the imprisonment of the son was merely as an aid to the collection of the fine and costs. It had been adjudged that he pay a certain sum of money, and that he stand committed until the judgment was paid or replevied. The State of Nebraska was thereafter interested only in the collection of the judgment, and the imprisonment was a mere incident. Possession of his body was retained as a means of coercing him to make provision for such payment. At any time, by payment of the money, or by entering replevin bail, he could

secure his release.  The imprisonment, however long continued, could not pay or satisfy the judgment.  Nor would the fact of his release from prison by the jailor, without payment or bail, release the judgment.  The sole motive which induced appellant and his son to execute the bond may have been to secure the son's release from jail ; but the consideration upon which the State accepted the bond was that it thereby secured the ultimate payment of the money.  The consideration moving to appellant and his son was not alone the release of the son from jail, but the agreement of the State to forbear the enforcement of the judgment for five months.

The validity of the judgment against the son is not questioned, nor is it questioned that by signing the bond appellee secured to the appellant's son five months' forbearance on the debt.  We are unable to see wherein there was any lack or failure of consideration, or why it can be claimed that there was no legal obligation resting upon appellee to pay the balance due on the judgment.

Even if the bond was not enforceable against the appellee for any reason, it could not be rightfully said that the payment made by appellee was voluntary, and gave him no rights as against appellant.

A voluntary payment is where one pays the debt of another without previous request, and without being under any legal obligation to do so.  The law treats such a payment as a gift, and will not allow one to thus thrust himself upon another as a creditor.

In this case no question exists as to the validity of the bond as against both appellant and his son.  Appellant, being himself liable on the bond, requested appellee to sign it, and as an inducement to do so he executed to appellee the note in suit for the amount, making it due and payable the day the stay expired.

This was a request for appellee to pay the balance due on the judgment and costs when the stay expired, coupled with

a promise to reimburse him by the payment of the note. If it were conceded, therefore, that the bond imposed no legal obligation upon appellee, it does not lie in appellant's mouth to say to him, " You paid my debt, but you paid it voluntarily and without compulsion, and I will treat it as a gift."

There is some controversy over the evidence, appellant insisting that the court did not allow him a credit of $30 which he says he was entitled to under the evidence.

The evidence tends to sustain the finding, and this court will not in such case disturb the finding of the trial court.

There is no error in the record, and the judgment is affirmed, with costs, and ten per cent. damages.

Filed Feb. 27, 1891.